UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **KEVIN D. HENRY,**<br><br>Petitioner,<br><br>v.<br><br>**FREDEANE ARTIS,**<br><br>Respondent. | **2:21-CV-10853-TGB-KGA**<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER DENYING HABEAS PETITION, DENYING CERTIFICATE OF APPEALABILITY, AND GRANTING PERMISSION TO PROCEED IN FORMA PAUPERIS** |

Petitioner Kevin D. Henry ("Henry"), a Michigan state prisoner proceeding pro se, has petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. Henry pleaded no contest to involuntary manslaughter and possession of a firearm during the commission of a felony. MCL §§ 750.321, 750.227b. Henry claims he was not given a competency hearing before entering his no-contest plea and was denied the effective assistance of trial and appellate counsel. For the reasons below, Henry's petition and request for a certificate of appealability are **DENIED**. Henry is **GRANTED** leave to proceed in forma pauperis on appeal.

## I. BACKGROUND

On May 16, 2015, Henry was charged in Wayne County Circuit Court with first-degree premeditated murder and felony firearm for the shooting death of his wife. He was referred to the Center for Forensic Psychiatry and an independent psychiatrist for competency-and-criminal-responsibility evaluations. Although the Center for Forensic Psychiatry's report is not part of the record, it appears the Center concluded Henry was criminally responsible and competent to stand trial.[1] A defense expert, Dr. Gerald A. Shiener, similarly concluded that Henry was competent to stand trial but not criminally responsible for his actions; Henry suffered from Post-Traumatic Stress Disorder and had, at the time of the offense, imbibed a significant amount of alcohol. *See* ECF No. 1, PageID.39–41.

The prosecution moved to exclude Shiener's testimony because the doctor's report only supported a diminished capacity defense, which is not recognized under Michigan law;[2] Shiener's testimony did not support

---

[1] In Henry's application for interlocutory appeal to the Michigan Court of Appeals, he stated: "An examiner for the prosecution found that Mr. Henry was both criminally responsible and competent to stand trial." ECF. No. 7-13, PageID.509.
[2] In 1994, the Michigan legislature enacted MCL § 768.21a, which set forth the legal standards for an insanity defense in Michigan. The Michigan Supreme Court has held that this statute abolished the diminished capacity defense in Michigan and that the insanity defense, as established by the Michigan Legislature in § 768.21a, was the sole standard for determining criminal responsibility related to mental

an insanity defense. The trial court granted the prosecution's motion. *See* ECF No. 7-5, PageID.325–332. Henry then filed an interlocutory application for leave to appeal to the Michigan Court of Appeals. The Michigan Court of Appeals denied leave for immediate appellate review. *People v. Henry*, No. 335596 (Mich. Ct. App. Nov. 10, 2016). Afterward, Henry did not seek leave to appeal in the Michigan Supreme Court. *See* Affidavit of Larry Royster, ECF No. 7-10, PageID.373.

On November 15, 2016, Henry entered a plea of no contest to the reduced charges of involuntary manslaughter and felony firearm. Under his sentencing agreement, Henry would be required to serve ten to fifteen years, followed consecutively by another two years, for the offenses. *See* ECF No. 7-6, PageID.337. On December 8, 2016, he was sentenced per the plea agreement. ECF No. 7-7, PageID.344.

Appellate counsel was appointed for Henry on February 8, 2017. On May 19, 2017, Henry executed an acknowledgment that he did not wish to pursue an appeal, as its success might ultimately result in a longer sentence. ECF No. 7-12, PageID.484. Accordingly, the prosecution and appellate counsel filed a stipulated order to vacate the counsel appointment, as Henry was "no longer interested in pursuing post-conviction or appellate relief." ECF No. 7-12, PageID.483. On June 14,

---

illness. *See People v. Carpenter*, 627 N.W. 2d 276, 283–85 (Mich. 2001); *see also Wallace v. Smith*, 58 F. App'x 89, 94, n. 6. (6th Cir. 2003).

2017, the trial court entered the vacating order. ECF No. 7-12, PageID.485.

On August 16, 2018, Henry filed a motion for relief from judgment in the trial court, arguing:

(1) He should be permitted to withdraw his plea; his defense counsel and the state trial court failed to establish his competency to plead, and were he suffering a mental breakdown, his plea would be rendered involuntary, and

(2) He was constructively denied trial and appellate counsel, as no appeal was ever filed.

The state trial court denied the motion, finding Henry's claims meritless and procedurally defaulted. ECF No. 7-11, PageID.405–08. In turn, the Michigan Court of Appeals denied his application for leave to appeal because Henry "failed to establish that the trial court erred in denying the motion for relief from judgment." *People v. Henry*, No. 349772 (Mich. Ct. App. Sept. 10, 2019); ECF No. 7-11, PageID.374. Henry then applied for leave to appeal in the Michigan Supreme Court—which the supreme court denied. *People v. Henry*, No. 160511 (Mich. Mar. 27, 2020).

Now, Henry files this habeas petition, asserting two non-harmless errors by the state courts:

I. There was no hearing to determine his competency to plead before he entered nolo contendere and

II. Ineffective assistance of defense and appellate counsel.

*See* ECF No. 1, PageID.5, 7.

Respondent ("Artis") counters that not only is Henry's habeas petition untimely but portions of his claims are procedurally defaulted and meritless. ECF No. 6. Henry filed a motion for an extension of time to file a reply, which the Court granted. ECF No. 8, 9. Despite this extension, Henry has not submitted a brief.

## II. LEGAL STANDARD

Section 2254 habeas petitions are governed by the heightened standard of review detailed in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. To obtain relief, habeas petitioners who challenge "a matter 'adjudicated on the merits in State court' [must] show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings

5

and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Additionally, a state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and federal review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. DISCUSSION

**A. Statute of Limitations**

A one-year limitations period applies to all habeas corpus petitions. *See* 28 U.S.C. § 2254(d)(1). Artis argues that the statute of limitations bars Henry's petition. A prisoner must file a federal habeas corpus petition "from the latest [in time]" of four dates:

(A) The date on which the state-court judgment became final;

(B) The removal date of an unconstitutional state impediment to filing for federal habeas relief;

(C) The date the U.S. Supreme Court recognizes a new constitutional right made retroactive and applicable to

collateral review; or

(D) The date the prisoner discovered new facts that could not have been discovered previously.

*See* 28 U.S.C. § 2244(d)(1).

Henry is not relying on a newly-recognized constitutional right or newly-discovered facts, and he has not alleged that a state-created impediment prevented him from timely petitioning. Consequently, the relevant subsection here is § 2244(d)(1)(A), which declares that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Henry was sentenced on December 8, 2016. Because he did not pursue a direct appeal of his convictions in the state courts, his convictions became final when the time for filing a delayed application for leave to appeal with the Michigan Court of Appeals expired six months later, on June 8, 2017. *See* Mich. Ct. R. 7.205(G)(3); *Keeling v. Warden, Lebanon Corr. Institution*, 673 F.3d 452, 460–61 (6th Cir. 2012) ("Because [petitioner] failed to pursue direct review all the way to the [state] [s]upreme [c]ourt, his judgment became final at the expiration of the time for pursuing direct review in state court."). Henry's one-year limitations began the next day, June 9, 2017, and expired one year later, on June 9, 2018.

The time a prisoner seeks state-court collateral review of their

conviction does not count towards the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371–72 (6th Cir. 2007). If a petitioner's limitations period has not expired, a properly filed application for state post-conviction relief tolls it. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Henry's motion for relief from judgment was filed in the state trial court on August 16, 2018, over two months after the limitations period expired. The statutory tolling provision, therefore, does not apply because "it can only serve to pause a clock that has not yet fully run"; it does not "restart the clock at zero." *Id.*

Nor is Henry entitled to equitable tolling of the limitations period. AEDPA's one-year limitations period is not a jurisdictional bar. It may be equitably tolled where a habeas petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the 'ultimate burden of persuading the court that he or she is entitled to equitable tolling.'" *Keeling*, 673 F.3d at 462 (quoting *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011)).

Henry does not argue for equitable tolling in his petition and has not replied to Artis' answer. He did not advocate equitable tolling or acknowledge that the limitations period expired before filing this

8

petition. The Court sees no evidence in the record suggesting that some extraordinary circumstance prevented Henry from filing a timely habeas petition. The Court, therefore, declines to toll the limitations period equitably.

Finally, Henry fails to present a credible claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 392–93 (2013); *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (holding that a valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial"). Henry provides no new evidence to "show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 613 (applying *Schlup* in the context of a guilty plea). Thus, his petition is untimely.

**B. Incompetency to Plead**

Moreover, even if the petition were timely, Henry is not entitled to relief. His claims are meritless.[3] *See Moss v. Miniard,* 62 F.4th 1002, 1010

---

[3] Artis argues that portions of Henry's claims are procedurally defaulted. **Error! Main Document Only.**The Court finds it unnecessary to address the procedural question because it is not a jurisdictional bar to review the merits, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits,"

9

(6th Cir. 2023) (addressing merits of habeas petition without determining whether a petition was timely filed because the one-year statute of limitations is not a jurisdictional bar to review).

First, Henry argues that the state trial court failed to determine his competency before accepting his plea, rendering the plea involuntary.

To be valid, a guilty plea must be made voluntarily and intelligently. In other words, it must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748–49 (1970). A "plea of guilty entered by one fully aware of [its] direct consequences" is Constitutionally 'voluntary.' That the defendant "did not correctly assess every relevant factor entering into his decision" does not invalidate its intelligence. *Id.* at 755, 757.

The Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial. *Medina v. California*, 505 U.S. 437, 439 (1992); *see also Pate v. Robinson*, 383 U.S. 375, 378 (1966). The standard governing competency to stand trial is: "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*,

---

*Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).

362 U.S. 402, 402 (1960). If, at any point, "before or during trial 'sufficient doubt' arises about a defendant's competence – 'the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense' – the trial court should order a competency hearing." *Cowans v. Bagley*, 639 F.3d 241, 247 (6th Cir. 2011) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)). The competency standard for entering a guilty or no contest plea is the same as standing trial. *Godinez v. Moran*, 509 U.S. 389, 396–401 (1993). A state court's "determination of competence is a factual finding, to which deference must be paid." *Filiaggi v. Bagley*, 445 F.3d 851, 858 (6th Cir.2006) (citing *Thompson v. Keohane*, 516 U.S. 99, 110–11 (1995)).

In denying Henry's motion for relief from judgment, the state trial court held that—because Dr. Shiener found Henry competent to stand trial—he, likewise, was competent to enter a plea. ECF No. 7-9, PageID.371. The plea hearing transcript establishes Henry understood the nature and terms of the plea and that he received a more lenient sentence in exchange for the plea. Henry's responses during the plea hearing show no evidence that he failed to understand the nature or consequences of his plea, and Henry provides no psychiatric evaluations to support his incompetency claim. The Court finds nothing in the record to question the state court's finding. Habeas relief is denied on this claim.

**C. Ineffective Assistance of Counsel**

Henry also argues that defense counsel "bamboozled" him into pleading no contest "under the pretense that he would receive a three (3) year prison sentence after he paid counsel $15,000." ECF No. 1, PageID.7.

Ineffective assistance of counsel may render a plea of guilty involuntary. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To show that counsel performed ineffectively, Henry must establish that (1) counsel performed deficiently and (2) there is a reasonable probability that, absent counsel's error, he would not have pleaded guilty and, instead, would have proceeded to trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hill*, 474 U.S. at 58.

Besides his self-serving statement, Henry does not support the argument that counsel promised him a three-year sentence in exchange for $15,000. A trial court's proper plea colloquy generally cures any misunderstandings a defendant may have about the consequences of his plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999). The Sixth Circuit explains:

> If we were to rely on [a petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent

12

> petitioners … from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Id.* at 566 (quoting *Baker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993)).

Henry's statements at the plea hearing bind him, and his allegations cannot be given precedence over his on-the-record sworn statements to the contrary. *Id.* at 566. Henry's plea colloquy was proper, clear, and thorough.

Henry also claims that his appellate attorney rendered ineffective assistance by persuading him "to withdraw his appeal under the pretense he would receive more time, despite [Henry's] allegations that defense counsel told him he was going to receive 3 to 15 years."[4] ECF No. 1, PageID.7.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court extended the *Strickland* standard to claims that appellate counsel was ineffective for failing to file an appeal. If counsel disregards a specific

---

[4] Henry's reference to withdrawing his appeal appears to be inaccurate. The Court finds no indication in the record or in the Michigan Court of Appeals' publicly available case database that Henry filed an appeal that needed to be withdrawn. Regardless, the resolution of this discrepancy by the Court is unnecessary. It would not alter the adjudication of Henry's claims.

13

instruction to file an appeal, counsel "acts in a manner that is professionally unreasonable." *Id.* at 477. At the same time, "a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).

Henry has not shown that he was denied an appeal by counsel. On May 29, 2017, he signed an acknowledgment of the risk of receiving a greater sentence. ECF No. 7-11, PageID.430. Henry acknowledged that appellate counsel advised him of the dangers and consequences of seeking leave to appeal. (*Id.*) He recognized that he faced a longer sentence if his appeal was successful and the matter was remanded to the trial court. Henry concluded that having considered the "inherent risk and consequences," he did not wish to pursue an appeal. *Id.*

Henry alleges that he signed the statement "under the pretense he would receive more time" if he did not withdraw his appeal. ECF No. 1, PageID.7. Petitioner cannot show that counsel's advice was constitutionally deficient. Appellate counsel could reasonably have concluded that an appeal would not be in Petitioner's best interest because it could expose him to a life sentence without the possibility of parole if he were convicted of first-degree murder. It was not unreasonable for counsel to advise Henry of this significant risk if he withdrew his plea. Thus, this claim too is meritless.

14

## IV. CONCLUSION

For all the reasons set out, Henry's petition for a writ of habeas corpus is **DENIED WITHOUT PREJUDICE**. The Court further finds that reasonable jurists would not debate this Court's resolution of Henry's claims. Therefore, Henry's request for a certificate of appealability is also **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). If Henry chooses to appeal, he is **GRANTED** leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

Dated: February 5, 2024         s/Terrence G. Berg
                                TERRENCE G. BERG
                                UNITED STATES DISTRICT JUDGE